United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

06-51024
Summary Calendar

DANIEL ABRAHAM LORENZ,

Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the
Western District of Texas, San Antonio
No. 5:05-CV-319

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Daniel Abraham Lorenz (Appellant) appeals the district court's judgment stemming from an employment discrimination suit. We AFFIRM.

In March 2003, Appellant was hired as a cashier by Wal-Mart Stores, Inc. After working for several months, Appellant began wearing a priest's shirt and collar. In addition to the priestly

---

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

attire, he sometimes would arrive at work wearing a beret and a court jester or joker's hat. In December 2003, Appellant transferred to a position of an overnight stocker. He then began wearing a Muslim headdress or "kaffiyeh" to work. Also, he wore a chain around his waist with multiple crosses, a necklace with a crucifix, and various symbols attached to his person, including anarchy and peace symbols.

After receiving customer complaints regarding Appellant's attire, Manager Steven Shadrock met with Appellant. Shadrock informed Appellant his attire did not comply with Wal-Mart's dress code policy. Shadrock informed Appellant that he could wear the kaffiyeh but not the priestly attire to work. Nonetheless, despite repeated warnings and disciplinary action, Appellant continued to wear the priestly attire to work. Ultimately, Appellant was terminated for his failure to comply with the dress code.

Proceeding *pro se,* Appellant filed the instant lawsuit against Wal-Mart, alleging employment discrimination in violation of Title VII, infliction of emotional distress, libel and slander. Appellee filed a motion to dismiss under Federal Rule of Civil Procedure 12(b). The magistrate judge issued a memorandum and recommendation to: (1) grant the motion to dismiss with respect to the Title VII claim for religious harassment, claims for libel and slander, and intentional infliction of emotional distress; and (2) deny the motion to dismiss the claim for failure to provide religious

2

accommodation. Over Appellant's objections, the district court entered an order accepting the magistrate judge's recommendation.

Appellee also filed a motion for summary judgment, and the magistrate judge, after careful consideration, recommended that the motion be granted as to the remaining failure-to-accommodate and discrimination claims. Over the Appellant's objections, the district court accepted the recommendation and granted summary judgment. Appellant moved for reconsideration, and the district court denied the motion. Appellant appeals *pro se.*

Our de novo review of the Rule 12(b) and summary judgment dismissals convinces us that the court below correctly issued the orders and granted judgment. In this regard, we affirm essentially for the reasons set forth in the magistrate judge's orders dated March 1, 2006 and May 24, 2006. Additionally, Appellant has not shown that the district court abused its discretion in denying his motion to reconsider or in excluding the belatedly submitted declaration.

AFFIRMED.